UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>EASEMENTS AND RIGHTS-OF-WAY OVER .0543 ACRE OF LAND, MORE OR LESS AND ADDITIONAL RIGHTS WITH RESPECT TO AN EXISTING EASEMENT AND RIGHT-OF-WAY OVER LAND IN MONROE COUNTY, TENNESSEE WITH RESPECT TO AN UNDIVIDED 2/3 INTEREST THEREIN; SHIRLEY HOLCOMB; and MISTIE LADD,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.: 3:22-CV-30-TAV-DCP |

## **MEMORANDUM OPINION**

This civil action is before the Court on Plaintiff's Motion for Summary Judgment [Doc. 15]. Defendants have responded to plaintiff's motion [Docs. 17-1, 17-2], and this matter is ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the following reasons, plaintiff's motion [Doc. 15] will be **GRANTED**, and this case will be **DISMISSED**.

**I. Background**

In this condemnation action, plaintiff seeks to exercise the power of eminent domain and award just compensation to defendants Shirley Holcomb and Mistie Ladd, the owners

of the subject property [Doc. 1, ¶¶ 1, 6].  Plaintiff desires to erect, operate, and maintain electric power transmission circuits and communication circuits [*Id.* at ¶ 3].  Thus, in order to construct those circuits, the Tennessee Valley Authority ("TVA") seeks the right to acquire permanent easements and rights-of-way for electric power and communication circuits and additional rights with respect to those acquired under an existing easement and right-of-way [*Id.* at ¶ 4; Doc. 16, pp. 3–4 (description of the property rights sought)].  The TVA's Manager of Real Property retained an appraiser who valued the property rights sought at $9,025 [Doc. 14, ¶ 10].  Additionally, based on his own experience, the manager attests that "just and liberal compensation" for the rights sought is $6,533.33 [*Id.* at ¶ 13].

On January 27, 2022, plaintiff initiated this action [Doc. 1].  On February 4, 2022, the Court entered an investment order directing the Clerk to accept $6,533.33 from plaintiff for purposes of the condemnation [Doc. 8].  On February 14, 2022, finding the requirements of 40 U.S.C. § 3114(b) satisfied, the Court entered an order directing defendants to surrender to plaintiff the property rights sought [Doc. 12].  Defendants received service on or before February 19, 2022 [Doc. 13], and on February 23, 2023, plaintiff filed the instant motion for summary judgment [Doc. 15].  In its motion, plaintiff seeks an order finding $6,533.33 to be just compensation for the property rights at issue, confirming the vesting of title in plaintiff, and ordering disbursement of $6,533.33 to defendants Shirley Holcomb and Mistie Ladd [Docs. 15, 16].

Defendants respond that they have no opposition to plaintiff's motion for summary judgment and request that their shares of the compensation award be sent to them

2

[Docs. 17-1, 17-2]. They also agree to provide their social security numbers to plaintiff and the Clerk of Court as a condition of disbursement for their shares of the compensation award [Docs. 17-1, 17-2].

II.     Analysis

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986)).

As a preliminary matter, the Court considers whether plaintiff's motion may be adjudicated without further proceedings as to the issue of just compensation. Federal Rule of Civil Procedure 71.1(h)(1) provides:

> In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined: (A) by any tribunal specially [required]; or (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets . . . .

3

Fed. R. Civ. P. 71.1(h)(1). A defendant in a condemnation proceeding must file an answer, if at all, "within 21 days after being served with [a] notice." Fed. R. Civ. P. 71.1(e)(2); *see also* Fed. R. Civ. P. 71.1(e)(3) (providing that, other than an answer, "[n]o other pleading or motion asserting an additional objection or defense is allowed"); Fed. R. Civ. P. 71.1(d) (generally delineating the notice requirement). Summary judgment is the proper avenue to address the issue of just compensation when it is unopposed. *See United States ex rel. Tenn. Valley Auth. v. Tree-Removal Rights with Respect to Land*, No. 15-1008, 2015 WL 5499434, at *3 (W.D. Tenn. Sept. 16, 2015) (collecting cases).

The Court finds plaintiff's motion may be adjudicated without further proceedings as to the issue of just compensation. There appears to be no relevant statute specifically requiring a particular tribunal to determine the issue of just compensation. Moreover, defendants responded to plaintiff's motion and state that they do not oppose [Docs. 17-1, 17-2]. Thus, the Court has authority to resolve the issue of just compensation as well as all other remaining issues via summary judgment.

### A. Just Compensation

The Fifth Amendment requires that the government provide "just compensation" to a property owner before taking the owner's property. U.S. Const. amend. V. "Just compensation" refers to "the fair market value of the subject property just before the acquisition." *United States ex rel. Tenn. Valley Auth. v. 1.31 Acres of Land*, No. 12-2845, 2013 WL 2289880, at *3 (W.D. Tenn. May 23, 2013). That is, just compensation is "an amount equal to the difference between the reasonable market value of the entire tract

4

immediately before and immediately after the taking[.]" *United States ex rel. Tenn. Valley Auth. v. Easement & Right-of-Way over 1.0 Acre of Land*, 248 F. Supp. 702, 703 (W.D. Tenn. 1965). "A party claiming an interest in the condemned property has the burden to establish the value of the property." *1.31 Acres of Land*, 2013 WL 2289880, at *3. "When the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it, that moving party is entitled to judgment as a matter of law on the issue of just compensation." *Tree-Removal Rights with Respect to Land*, 2015 WL 5499434, at *3.

The Court finds that $6,533.33 is just compensation for the property rights in this case. Plaintiff has provided evidence of an independent appraisal suggesting the value of the rights taken is $9,025 as well as a separate appraisal of a TVA manager suggesting just compensation is no more than $6,533.33 [Doc. 14, ¶¶ 10, 13].[1] By contrast, defendants have appeared in this action and do not contest that $6,533.33 is just compensation [Docs. 17-1, 17-2]. *See Tree-Removal Rights with Respect to Land*, 2015 WL 5499434, at *4 (finding $350 just compensation for tree-removal rights when the plaintiff presented multiple appraisals and the defendant did not challenge the amount or the underlying appraisals); *1.31 Acres of Land*, 2013 WL 2289880, at *4 (finding $5,000 just

---

[1] The Court notes that defendants Shirley Holcomb and Mistie Ladd each own a 1/3 undivided interest as tenants in common in the subject property [Doc. 1, ¶ 6(a)]. The third owner was not named a defendant in this action because the TVA had already acquired easement rights from her [Doc. 16, p. 2 n.1]. Thus, the $6,533.33 amount is reached by multiplying $9,800 by 2/3, which represents the fraction of the ownership interests at stake in this case [Doc. 14, ¶ 13].

5

compensation for land in similar circumstances); *see also* Fed. R. Civ. P. 71.1(e)(3) ("A defendant waives all objections and defenses not stated in its answer.").

Therefore, the Court finds $6,533.33 is just compensation in this case.

### B. Disbursement

After all other issues are addressed, a district court has authority to order disbursement of funds previously deposited by the condemnor with certain conditions. *See, e.g.*, *United States ex rel. Tenn. Valley Auth. v. Tree-Removal Rights with Respect to Land*, No. 1:21-CV-235, 2022 WL 1164413, at *2 (E.D. Tenn. Apr. 19, 2022); *United States ex rel. Tenn. Valley Auth. v. A Temp. Right to Enter*, Nos. 4:14-CV-85, 4:16-CV-25, 2017 WL 2559976, at *7 (E.D. Tenn. June 13, 2017). Therefore, the Clerk will be directed to disburse to defendants Shirley Holcomb and Mistie Ladd the funds to which they are entitled on the condition that they each first provide their social security numbers to the Clerk and the TVA for purposes of reporting the condemnation award to taxation authorities. *A Temp. Right to Enter*, 2017 WL 2559976, at *7 (imposing the same conditions).

### III. Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment [Doc. 15] will be **GRANTED**, and this case will be **DISMISSED**. A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6

Case 3:22-cv-00030-TAV-DCP   Document 18   Filed 04/19/23   Page 6 of 6   PageID #: 105